NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
JUN 2 4 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-CV-108-KKC

JERRY W. LAWSON, ET AL.     PETITIONERS

VS.     **MEMORANDUM OPINION AND ORDER**

JACK SIZEMORE, JAILER     RESPONDENT

Three pre-trial detainees at the Laurel County Detention Center, Jerry W. Lawson, Tony Martin, and Paul Collette, have filed what they characterize to be a writ of habeas corpus, presumably brought pursuant to 28 U.S.C. §2241. The original writ appears to have been signed by all three litigants.

*In Forma Pauperis* Applications

Pursuant to a previous Order, each of the litigants has submitted an application to proceed *in forma pauperis* in this action, for which the filing fee is $5.00 for each litigant.[1] Each of those

---

[1] Within the Sixth Circuit it is unsettled whether the Prison Litigation Reform Act of 1996 (PLRA) permits apportionment of filing fees in a single case when multiple prisoner-plaintiffs each seek to proceed *in forma pauperis*.

If a group of prisoners join in bringing a federal suit, the court may not apportion the filing fee among them and each individual prisoner must pay the full filing fee because "the prisoner shall be required to pay the full amount of a filing fee." *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (quoting 28 U.S.C. §1915(b)(1)); *Clay v. Rice, et al.*, 2001 WL 1380526 (N.D. Ill.) (quoting 28 U.S.C. § 1915(b)(1)). Cases with multiple *pro se* prisoner-plaintiffs only proceed as to the lead plaintiff. *Hubbard*, 262 F.3d at 1197. All other plaintiffs' claims must be severed. *Clay*, 2001 WL 1380526 at *2. Those other plaintiffs' cases may be dismissed without prejudice to the other plaintiffs' rights to re-file their own individual actions. *Id*.

On the other hand, prisoners who join together to file a single lawsuit *in forma pauperis* are not required by the PLRA to each pay the full filing fee. *Burke v. Helman, et. al.*, 208 F.R.D. 246 (C.D. Ill., June 27, 2002).

The Chief Judge of the Sixth Circuit, recognizing that the PLRA does not specify how to assess fees when multiple prisoners proceeding *in forma pauperis* attempt to bring one action, issued an administrative order suggesting that each prisoner should pay a portion of the filing fee. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). The administrative order indicates that in some multiple prisoner-plaintiff situations, only one litigant may be held responsible for the entire filing fee. *In re Prison Litigation Reform Act*, 105 F.3d at 1138. No panel of the Sixth Circuit has yet squarely addressed the multiple-*in forma pauperis*-prisoner-plaintiff-PLRA filing fee issue, the prospect of it being a method by which the intent of the PLRA is circumvented or the enormous bookkeeping implications it may have for both Clerks' offices and prison financial offices. The chief judge's administrative order is only an indication of what the Court may have held in 1997 had the pure issue come before the court without the consideration of additional factors. *See Wilcox v. Straub, et al.*, 1997 W.L. 33323861 (W.D. Mich., June 24, 1997). Unlike the court opinions in *Hubbard* and *Clay*, in the administrative order the chief judge did not consider the impact of Fed.R.Civ.P. 20 on implementation of the PLRA. Implementation of the PLRA was designed to make prisoners feel the deterrent effect of the filing fee. *Hampton v. Hobbs*, 106 F.3d 1282, 1286 (6th Cir. 1997). Individual prisoner-plaintiffs must experience the full financial implication of filing suit. *See Id*. Therefore, each separate plaintiff is individually responsible for a

applications have been separately considered and each of the three petitioners, by separate orders of even date, shall be granted *in forma pauperis* status, and the $5.00 filing fee for a writ of habeas corpus will be waived for each petitioner.

## RELIEF

The petitioners seek a court order directing the Laurel County Detention Center to "address" and "fix" the complained-of problems "in a timely manner." Thus, they seek injunctive relief to improve their living conditions, medical care, food, and recreational opportunities. The petitioners clarify that they are not presently seeking punitive damages but that they may do so at some future time in "a separate civil action."

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of Administrative Remedy forms have been submitted by Tony Martin [Record No. 9], Jerry W. Lawson [Record No. 12], and Paul Collette [Record No. 14]. Moreover, there is some question as to whether any administrative remedies, as such are contemplated by the Prison Litigation Reform Act, have been implemented at the Laurel County Detention Center. *See Baker v. Andes, et al.*, London Civil Action No. 04-CV-343-DCR; *Martin v. Sizemore*, London Civil Action No. 05-CV-105-KKC (a §1983 action brought by one of the petitioners which addresses most issues raised in this writ of habeas corpus).

## JURISDICTION

The petitioners challenge their conditions of confinement. They seek improved living conditions.

"Federal habeas corpus [28 U.S.C. §2241] is reserved for challenges to the execution of a

---

full filing fee of $5.00.

sentence, such as the computation of parole or sentence credits, and may not be used by a federal prisoner to challenge the validity of a conviction or the conditions of confinement." *Velasco v. Lamanna*, 16 Fed.Appx. 311, 2001 WL 861731 (6th Cir. (Ohio)). Conditions of confinement cases "may not be brought under 28 U.S.C. §2241, which is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement." *Id.* at **2 (citing *See Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979)). Consequently, this Court is without jurisdiction to consider the petitioner's claims, and this 28 U.S.C. §2241 writ of habeas corpus action must be dismissed without prejudice to the petitioners'[2] rights to individually re-file their claims pursuant to 42 U.S.C. §1983 after they have each individually resolved the matter of the $250 filing fee for that §1983 action, and after they have made arrangements with the Court, if they are granted *in forma pauperis* status within that §1983 action, to incrementally pay that $250 fee.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondent.

This the 24th day of June, 2005.



Signed By:
**Karen K. Caldwell**
**United States District Judge**

---

[2] The court recognizes that the Petitioner Tony Martin has already filed a 42 U.S.C. §1983 action regarding the herein complained of matters which is proceeding as London Civil Action No. 05-CV-105-KKC.